UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANDA UY, | Case No.  1:22-cv-00963-JLT-HBK (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO STATE A CLAIM[1] |
| v. | |
| LOPEZ, et al., | (Doc. No. 13) |
| Defendants. | 14-DAY DEADLINE |

Pending before the Court for screening under 28 U.S.C. § 1915A is Plaintiff's first amended complaint.  (Doc. No. 13, "FAC").  For the reasons set forth below, the undersigned recommends that the district court dismiss the FAC because it fails to state any cognizable constitutional claim and any further amendments would be futile.

**SCREENING REQUIREMENT**

A plaintiff who commences an action while in prison is subject to the Prison Litigation Reform Act ("PLRA"), which requires, *inter alia*, the court to screen a complaint that seeks relief against a governmental entity, its officers, or its employees before directing service upon any defendant.  28 U.S.C. § 1915A.  This requires the court to identify any cognizable claims and dismiss the complaint, or any portion, if is frivolous or malicious, if it fails to state a claim upon

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2023).

1 which relief may be granted, or if it seeks monetary relief from a defendant who is immune from
2 such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

3     At the screening stage, the court accepts the factual allegations in the complaint as true,
4 construes the complaint liberally, and resolves all doubts in the plaintiff's favor. *Jenkins v.*
5 *McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir.
6 2003).  A court does not have to accept as true conclusory allegations, unreasonable inferences, or
7 unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.
8 1981).  Critical to evaluating a constitutional claim is whether it has an arguable legal and factual
9 basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

10     The Federal Rules of Civil Procedure require only that a complaint include "a short and
11 plain statement of the claim showing the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).
12 Nonetheless, a claim must be facially plausible to survive screening.  This requires sufficient
13 factual detail to allow the court to reasonably infer that each named defendant is liable for the
14 misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*,
15 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not
16 sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.
17 *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.  Although detailed factual allegations are not
18 required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
19 statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required
20 to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir.
21 2009) (internal quotation marks and citation omitted).

22     If an otherwise deficient pleading can be remedied by alleging other facts, a *pro se* litigant
23 is entitled to an opportunity to amend their complaint before dismissal of the action.  *See Lopez v.*
24 *Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d
25 245, 248 (9th Cir. 1995).  However, it is not the role of the court to advise a *pro se* litigant on
26 how to cure the defects.  Such advice "would undermine district judges' role as impartial
27 decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131
28 n.13.  Furthermore, the court in its discretion may deny leave to amend due to "undue delay, bad

faith or dilatory motive of the part of the movant, [or] repeated failure to cure deficiencies by amendments previously allowed . . . ." *Carvalho v. Equifax Info. Srvs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010).

## BACKGROUND AND SUMMARY OF OPERATIVE COMPLAINT

Plaintiff, a state prisoner proceeding pro se, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1). The Court screened Plaintiff's initial Complaint and found that it failed to state any cognizable constitutional claim. (Doc. No. 12). The Court afforded Plaintiff an opportunity to file an amended complaint and Plaintiff timely filed the instant First Amended Complaint. (Doc. No. 13, "FAC").

The events giving rise to the FAC took place at North Kern State Prison in Delano, CA. (*See generally* Doc. No. 13). The FAC identifies the following defendants: (1) Correctional Officer Lopez; (2) Correctional Officer Arreano; (3) Correctional Officer Stewart; (4) Correctional Officer Chavez; (5) Correctional Counselor J. Ellen; (6) Correctional Officer Delgado; (7) John Doe, Warden at Kern Valley State Prison; and (8) John Doe, Captain of C Facility. (*Id*. at 2-3). Liberally construed, the FAC alleges (1) Eighth Amendment failure to protect claims based on the January 5, 2022 assault; and, (2) a Fourteenth Amendment due process claim based on Plaintiff's transfer to another prison after the assault. (*See generally id*.). The following facts are presumed true at this stage of the screening process.

On January 5, 2022[2], Plaintiff was asleep in his cell when Defendant Lopez opened Plaintiff's cell door. (*Id*. at 3, 13). An unnamed inmate entered Plaintiff's cell with a weapon and attacked Plaintiff.[3] (*Id*. at 13). An alarm was sounded, and Defendants Arreano, Delgado, Chavez and Stewart responded by "slow[ly] casual[ly]" walking to Plaintiff's cell. (*Id*. at 5). Upon arrival, Defendants Arreano, Delgado, Chavez, and Stewart stood in the doorway of the cell and sprayed Plaintiff and the unidentified inmate. (*Id*. at 13).

On an unspecified date, Defendants Ellen and John Doe "took Plaintiff to classification

---

[2] Plaintiff's FAC does not provide a date for the incident, but the Court garners the relevant date from the copy of Plaintiff's grievance attached to the FAC.

[3] Plaintiff's FAC does not include any details as to what occurred after the unnamed inmate entered, but the Court garners the relevant facts from the copy of Plaintiff's grievance attached to the FAC.

when not scheduled" and ordered him sent to Mule Creek State Prison Level 3 in an "attempt to hide" wrongdoing or negligence by NKSP staff. (*Id*. at 6). The FAC notes that Plaintiff "was Level 4 and did not fit the criteria for Level 3." (*Id*.). Defendants Ellen and John Does 1 and 2 refused to give Plaintiff any reports related to the attack or provide him access to witnesses to the January 5, 2022 incident. (*Id*. at 6). As relief, Plaintiff seeks a federal investigation into the incidents described, $500,000 from each Defendant, and $1 million in punitive and exemplary damages. (*Id*. at 7).

## APPLICABLE LAW AND ANALYSIS

### A. Eighth Amendment Failure to Protect

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quoting *Cortes-Quinones v. Jimenez Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988)). "The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation if prison officials know of and disregard a substantial risk of serious harm to the plaintiff." *Thomas v. Hernandez*, 2022 WL 1173339, at *4 (E.D. Cal. Apr. 20, 2022) (citing *Farmer*, 511 U.S. at 847, *Hearns v. Terhune*, 413 F.3d 1036 (9th Cir. 2005). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and, a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842. To state a failure to protect claim, the prisoner must establish that the prison official was deliberately indifferent to a serious threat to the plaintiff's safety. *Id.* at 834 (citing *Helling v. McKinney*, 509 U.S. 35, 35 (1993)).

#### 1. Defendant Lopez

Plaintiff asserts an Eighth Amendment claim against Defendant Lopez because she opened his cell door at breakfast time, and the unnamed inmate then entered Plaintiff's cell and attacked him. (Doc. No. 13 at 13). The FAC asserts that because Plaintiff was asleep and his light was off, it was contrary to prison regulations for Defendant Lopez to open his cell door. (Doc. No. 13 at 3, 5). However, these facts alone do not establish that Lopez knew of and

4

disregarded a substantial risk of serious harm to Plaintiff.  *See Navarro v. Chavez*, 2022 WL 4227559 (C.D. Cal. Aug. 15, 2022) (finding no evidence of deliberate indifference to plaintiff's safety where officer opened cell door at meal time while light was off, contrary to policy, noting that the referenced policy "appears to be for the protection of officers . . . and violating it does not necessarily indicate disregard for an inmate's safety") *findings and recommendations adopted by* 2022 WL 4225390 (C.D. Cal. Sept. 13, 2022).  Moreover, the mere fact that Defendant Lopez did not follow prison regulations does not establish that she violated Plaintiff's constitutional rights.  *See Solomon v. Felker*, 2013 WL 5375538, at *12 (E.D. Cal. Sept. 24, 2013) ("Plaintiff's allegation that the defendants failed to adhere to the prison's own institutional policies and procedures does not, by itself" give rise to a constitutional violation); *Sandin v. Conner*, 515 U.S. 472, 481–82 (1995) (recognizing prison regulations are "primarily designed to guide correctional officials in the administration of a prison" and are "not designed to confer rights on inmates"); *Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) ("[A] failure to adhere to administrative regulations does not equate to a constitutional violation."); *see also Armstrong v. Warden of USP Atwater*, 2011 WL 2553266, at *8 (E.D. Cal. June 24, 2011) (citing same).

The FAC is devoid of facts for the Court to infer that Lopez knew that the unnamed inmate was a threat to Plaintiff's safety, and despite having such knowledge, still opened Plaintiff's cell door.  Accordingly, the FAC fails to state a cognizable claim against Defendant Lopez.

**2.  Defendants Arreano, Delgado, Chavez, and Stewart.**

Liberally construed, the FAC alleges that on January 5, 2022, Defendants Arreano, Delgado, Chavez and Stewart failed to protect Plaintiff in violation of the Eighth Amendment because they did not run in response to the alarm being sounded.  The FAC does not allege how long the response delay was or that any delay exacerbated his injuries, beyond a vague assertion that "if [Defendants] would have run in response they would have gotten there quicker, and Plaintiff would have had less of an asualt [sic]."  (*Id*. at 6).  *See Jones v. Redding County Jail*, 2013 WL 4655753, at *2-3 (E.D. Cal. Aug. 29, 2013) (finding that prisoner's allegations that officials "could have moved more quickly but were intentionally slow to respond to the attack"

5

were vague and conclusory); *see also Sanchez v. County of Bonneville*, 2018 WL 3747279, at *4 (D. Idaho) (finding no Eighth Amendment failure to protect claim stated where plaintiff failed to specify the length of delay in response or that the delay exacerbated his injuries).  Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations are not adequate to support a cause of action.  *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  Merely stating that Defendants Arreano, Delgado, Chavez, and Stewart used a "slow, casual walk" to respond to the attack is not sufficient.  Without alleging facts as to the extent of the delay and how it exacerbated Plaintiff's injuries, the FAC fails to state a cognizable Eighth Amendment claim against these four Defendants.

### B. Fourteenth Amendment Due Process Violation

The Due Process Clause of the Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  An inmate may challenge an administrative action if it denies or restrains the inmate from the benefit of a state-created liberty interest in some "unexpected manner."  *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995).  Alternatively, an inmate may challenge an administrative action if it imposes some "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Id.*  at 484; see also *Keenan v. Hall,* 83 F.3d 1083, 1088 (9th Cir. 1996).

As a rule, prisoners have no expectation they will remain in any facility during their confinement, and prison officials have broad authority to transfer prisoners from one facility to another.  *See Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *see also Meachum v. Fano*, 427 U.S. 215, 225 (1976).  To the extent Plaintiff alleges his transfer was improper because it involved moving him from a Level 4 placement to a Level 3 placement, it is well settled that prisoners have no constitutional right to a particular classification status, even if the classification status results in a loss of privileges.  *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (expressly rejecting claim that prisoner classification and rehabilitative programs invoked due process protections); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (agreeing that inmate had no constitutional right to classification status and further finding no independent right under state law).  This is because decisions regarding an inmate's classification level or where to house

inmates are at the core of prison administrators' expertise. *McKune v. Lile*, 536 U.S. 24, 39 (2002) (citing *Meachum*, 427 U.S. at 225); *see also Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998).

The FAC asserts that on an unspecified date, Defendants Ellen and John Does 1 and 2 wrongfully transferred Plaintiff after the January 5, 2022 incident and did not provide him with incident reports for the attack. (Doc. No. 13 at 6). Because prisoners do not have a liberty interest in remaining in any particular prison, Plaintiff fails to set forth a due process violation based on his transfer to Mule Creek State Prison. *Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Meachum v. Fano*, 427 U.S. 215, 223-25 (1976). Nor do prisoners have a liberty interest in a particular classification status; thus, Plaintiff's change of transfer from a Level IV prison to Level III prison does not set forth a due process violation. *See Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007) (finding that transfer from Level III to Level IV prison did not impose an "atypical and significant hardship" where there was "no showing that the conditions at level IV differ significantly from those at level III.").

Plaintiff asserts that these three Defendants ordered his transfer as part of a cover up. (Doc. No. 13 at 6). However, beyond this conclusory assertion, the FAC is devoid of any facts alleging that the transfer was done for an unconstitutional reason or that Plaintiff sustained any injury as a result of the transfer. *See Dell v. Espinoza*, 2017 WL 531893, at *7 (E.D. Cal. Feb. 7, 2017) ("Allegations that officials engaged in a cover-up state a constitutional claim only if the cover-up deprived a plaintiff of his right of access to courts by causing him to fail to obtain redress for the constitutional violation that was the subject of the cover-up. A cover-up claim is premature when . . . Plaintiff's action seeking redress for the underlying constitutional violations remains pending.") (citations omitted). Plaintiff does not assert that the transfer prevented him from filing a grievance or seeking redress in the courts, nor that he suffered any other injury resulting from the transfer.

Indeed, in the absence of any injury, Plaintiff lacks standing to sue for the allegedly wrongful transfer. *See Spokeo Inc. v. Robins*, 578 U.S. 330, 338 (2016) ("Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy"). To establish Article

1  III standing, three elements must be satisfied: a "plaintiff must have (1) suffered an injury in fact,
2  (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be
3  redressed by a favorable judicial decision." *Id.* (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555,
4  560-61 (1992)). The plaintiff, as the party invoking federal jurisdiction, bears the burden of
5  establishing these elements. *Id.* (citing *FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 231, (1990)).
6  Where, as here, a case is at the pleading stage, the plaintiff must "clearly . . . allege facts
7  demonstrating" each element. *Id.* (citing *Warth v. Seldin,* 422 U.S. 490, 518 (1975)).  As to his
8  transfer to Mule Creek State Prison, Plaintiff does not satisfy the first element of standing—an
9  injury in fact.  Thus, the Court finds that Plaintiff fails to state a claim based on his prison
10 transfer.  Nor does the FAC explain how not providing Plaintiff with a copy of the January 5,
11 2022 incident report violated his constitutional rights.  Thus, the FAC fails to state any cognizable
12 claim against Defendants Ellen and John Doe 1 and 2.

## FINDINGS AND RECOMMENDATIONS

14 Plaintiff had a prior opportunity to cure the deficiencies in his initial complaint.  (*See* Doc.
15 Nos. 1, 13).  In its prior screening order, the Court instructed Plaintiff in detail on the applicable
16 law and pleading requirements.  (*See* Doc No. 12).  Despite affording Plaintiff an opportunity to
17 correct the deficiencies in his original Complaint, the FAC again fails to adequately state any
18 plausible § 1983 claim and largely repeats the same claims alleged in the initial Complaint.  (*See*
19 Doc Nos. 1, 13).  The undersigned thus finds that any further leave to amend would be futile and
20 recommends the district court dismiss the FAC without further leave to amend. *McKinney v.*
21 *Baca*, 250 F. App'x 781 (9th Cir. 2007) *citing Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir.
22 1992) (noting discretion to deny leave to amend is particularly broad where court has afforded
23 plaintiff one or more opportunities to amend his complaint); *see also Saul v. United States*, 928
24 F.2d 829, 843 (9th Cir. 1991) (A district court can deny leave "where the amendment would be
25 futile . . . or where the amended complaint would be subject to dismissal").
26 Accordingly, it **RECOMMENDED**:
27 Plaintiff's first amended complaint be dismissed under § 1915A for failure to state a claim
28 and the action be dismissed.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id.*; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." The assigned District Judge will review these Findings and Recommendations under 28 U.S.C. § 636(b)(1)(C).  A party's failure to file objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:  March 6, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE